# Nirdlinger, Appellant, v. American District Telegraph Co.

*Practice C. P.—Trespass—Negligent performance of contract—Demurrer.*

Where a person has had made a contract with a corporation by which the latter was to guard and care for his premises during his absence, and through its negligent performance of its agreement, plaintiff's property was stolen, the corporation will be liable in an action of trespass for the damages suffered.

Argued March 25, 1913. Appeal, No. 412, Jan, T., 1912, by plaintiff, from order of C. P. No. 5, Philadelphia Co., March T., 1911, No. 2106, sustaining demurrer to statement of claim and entering judgment for defendant in case of Samuel F. Nirdlinger, for himself and for the use and benefit of the Frankfort Marine, Accident and Plate Glass Insurance Company of Frankfort-on-Main, Germany, v. American District Telegraph Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for negligent breach of agreement to guard the contents of plaintiff's dwelling.

Plaintiff filed a statement of claim, the material parts of which were as follows:

The plaintiff, Samuel F. Nirdlinger, brings this action against the defendant, The American District Telegraph Company, a corporation existing under and by virtue of the laws of the State of Pennsylvania, to recover damages in the sum of twenty-nine hundred and thirty-seven dollars and five cents ($2,937.05), with further damages for the detention of the said sum from October 26, 1910, upon the following cause of action:

The defendant, doing business in Pennsylvania as aforesaid, is engaged in the business among other things, for a consideration paid thereof of receiving under its

care and custody dwelling houses and other buildings and the contents thereof for the protection of the same against loss or damage by reason of burglary, larceny, theft, or other similar offenses and for the carrying out of its duties as custodians, watchman or guard of buildings and property as aforesaid instals in said buildings a signal apparatus together with a system of wiring connected with the doors and windows of said building, the whole apparatus being connected by wire with suitable instruments in the office of the said company and being operated by electrical current so that when the said apparatus is properly adjusted upon the opening of any door or window in the said building wherein the said system is installed a signal or alarm will automatically be given at the office of the company defendant, to the servants, or employees thereof duly designated by the said company to receive such signals and alarms, whereupon the company defendant further undertakes upon receipt of such signals or alarms to dispatch the suitable agents to the buildings so placed as aforesaid in its care and custody.

At and before the time of the occurrence hereinafter mentioned the plaintiff, Samuel F. Nirdlinger,...... entered into a contract with the company defendant wherein said company for and in consideration of the payment of a certain annual sum of forty (40) dollars undertook and agreed with the said plaintiff to receive in its care and custody the dwelling house No. 842 North Broad street aforesaid under the circumstances, conditions and connections aforesaid, together with the contents thereof and to guard, protect and watch the said premises......

Wherefore, by virtue of the premises it became the duty of the company defendant, to so watch, protect and guard the said premises and the contents thereof as to prevent the damage to or felonious removal of any of the contents thereof and to keep and maintain at all times during the continuance of its contract the aforesaid

alarm, wiring, signal apparatus and the appurtenances connected therewith in perfect condition and working order, and to set properly and adjust and keep properly adjusted the said apparatus and alarm system so that the signal as aforesaid would be given at the office of the company to the employees thereof in case of the opening of any of the doors and windows in said premises, and upon the receipt of such signal or alarm to dispatch promptly to the said premises suitable agents for the protection thereof, yet the company defendant, notwithstanding its duty in this behalf did not watch, protect and guard said premises and the contents thereof and did not keep and maintain at all times during the continuance of its contract the aforesaid alarm system, wiring, signal apparatus and the appurtenances connected therewith in perfect condition and working order and did not properly set and adjust and keep properly set and adjusted the said apparatus and alarm system so that the signal as aforesaid would be given at the office of the company to the employees of the company defendant in case of the opening of any of the doors and windows in said premises, and did not upon the receipt of such alarm promptly dispatch to the said premises said officers for the protection thereof.

. But, on the contrary, the defendant company negligently disregarding, omitting and failing to perform, its duty in this behalf, did on or about, to wit, October 25 or 26, A. D. 1910, negligently suffer or permit the aforesaid alarm system, wiring, signal apparatus and appurtenances connected therewith to become and remain out of perfect condition and proper working order and did negligently omit to properly set, adjust and keep properly set and adjusted said apparatus and alarm system and negligently and carelessly failed and omitted to promptly dispatch to the said premises, officers for the protection thereof in accordance with their duty in such behalf undertaken, whereby and in consequence of the carelessness and negligent omissions of the de-

fendant aforesaid, the plaintiff suffered the loss herein set out......"

The statement then averred particularly that the plaintiff had lost a large number of personal effects, which had been feloniously removed from his premises, and concluded with setting forth an agreement of subrogation, by which the use-plaintiff, the Frankfort Marine, Accident and Plate Glass Insurance Company of Frankfort-on-Main, Germany, obtained the rights of the plaintiff through having paid the amount of his loss, and that the suit was prosecuted on behalf of the said company.

The statement was subsequently amended, adding the following averment:

"But on the contrary the defendant company negligently disregarding, omitting and failing to perform, its duty in this behalf, did on or about, to wit, October 25 or 26, A. D. 1910, negligently suffer or permit the aforesaid alarm system, wiring, signal apparatus and appurtenances connected therewith to become and remain out of perfect condition and proper working order and did negligently omit to properly set, adjust and keep properly set and adjusted said apparatus and alarm system and negligently and carelessly failed and omitted to promptly dispatch to the said premises, officers for the protection thereof in accordance with their duty in such behalf undertaken, whereby and in consequence of the carelessness and negligent omissions of the defendant aforesaid, the plaintiff suffered the loss herein set out."

Defendant filed the following demurrer:

"First. That the plaintiff's proper action, as set forth by his statement of claim, is an action in assumpsit, for breach of the contract.

"Second. That, by the statement of claim, as filed the plaintiff has endeavored to waive the contract, and sue in tort.

"Third. That in order to make the defendant liable, it must be an insurer against loss, which it cannot be,

under the terms of the contract, as set forth in the statement of plaintiff's claim.

"Fourth. That trespass will not lie in an action where there is a contract existing between the parties, as the fundamental grounds upon which the plaintiff would have an action.

"Fifth. That the statement of plaintiff's claim, as filed is not such as would support a judgment."

The court sustained the demurrer and entered judgment for the defendant. Plaintiff appealed.

*Error assigned* was in sustaining the demurrer and entering judgment for defendant.

*Arthur S. Arnold,* for appellant.—The action was properly brought in trespass: Dungan v. Read, 167 Pa. 393; Reeside v. Reeside, 49 Pa. 322; Hoehle v. Heating Co., 5 Pa. Superior Ct. 21; Graham v. Cummings, 208 Pa. 516; Bethlehem Boro. v. Fire Co., 81 Pa. 445; Silverblatt v. Brooklyn Tel. & Mess. Co., 132 N. Y. Supp. 253.

*Horace Michener Schell,* with him *Frank R. Shattuck,* for appellee.—Trespass was not the proper remedy: Legge v. Tucker, 1 Hurlstone & Norman's Reps. 500.

Per Curiam, May 5, 1913:

This demurrer ought to have been overruled. No reason was given by the court below for sustaining it, and the judgment on it in favor of the defendant is reversed, with leave to plead.

---

# Guarantee Trust & Safe Dep. Co., Exr., *v.* Waller, Appellant.

*Wills—Devisavit vel non—Trial—Rulings on evidence—Charge of court—Experts—Material error.*

1. In the trial of an issue devisavit vel non, where it is claimed that the decedent was suffering from senile dementia at the time