# Nirdlinger *v.* American District Telegraph Company, Appellant.

*Negligence—Proximate cause.*

1. Where an act of negligence is by continuous operation so linked to succeeding facts that all may be said to be one continuous operating succession of events, in which the first becomes so naturally linked to the last as to be its cause, and thus within the probable foresight of him whose negligence is charged, proximate cause is established; but where the chain is so broken that the events and facts become independent of each other, the result cannot be said to be the natural and probable consequence of the primary cause.

*Contracts—Contracts to protect dwelling houses from burglars—Breach—Damages—Measure of damages—Form of action—Action in form as for tort.*

2. In an action to recover damages for the loss by a burglarious theft of articles from plaintiff's house, which defendant company had undertaken to equip with electric burglar alarms, and to protect from burglarious entry by the despatch of guards thereto when warned by automatic signals that an entry was being attempted, where there was evidence to show that defendant negligently had failed to set the alarms, whereby the entry and theft complained of were made possible, the negligence of the defendant was not the proximate cause of the burglarious entry, and ensuing larceny, and the trial judge erred in submitting the question of proximate cause to the jury and in failing to instruct the jury that the damages recoverable were only those damages sustained by plaintiff in consequence of defendant's breach of contract.

3. Though an action may be in form as for a tort, yet if the subject of it be based on contract, the suit will be attended by all the incidents of an action ex contractu.

Nirdlinger v. American District Telegraph Co., 240 Pa. 571, distinguished and explained.

Argued March 31, 1914. Appeal, No. 105, Jan. T., 1914, by defendant, from judgment of C. P. No. 5, Philadelphia Co., March T., 1911, No. 2106, on verdict for plaintiff in case of Samuel F. Nirdlinger, for himself and for the use and benefit of the Frankfort Marine, Accident & Plate Glass Insurance Company, of Frankfort-On-Main, Germany, v. American District Telegraph Company, a corporation of Pennsylvania. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover for the loss by theft of plaintiff's goods. Before MARTIN, P. J.

The facts appear in Nirdlinger v. American District Telegraph Co., 240 Pa. 571, and in the opinion of the Supreme Court.

Verdict for plaintiff for $2,937.05 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant, and the second assignment which was as follows:

. "The lower court erred in refusing to hold that the measure of damage, in this case, is the amount the plaintiff paid for the wiring of his property."

, *Horace Michener Schell,* with him *Frank R. Shattuck,* for appellant.—The action sounds in contract not in tort, and the plaintiff is confined to his remedy upon the contract: Stanton v. Philadelphia & Reading Ry. Co., 236 Pa. 419.

The negligence of the defendant was not the proximate cause of the loss: Ross v. Western Union. Tel. Co., 81 Fed. 676; Laidlaw v. Sage, 158 N. Y. 73; Milwaukee & Saint Paul Railway Co. v. Kellogg, 94 U. S. 469; Hofnagle v. N. Y. C. and H. R. R. R. Co., 55 N. Y. 608; Lowery v. Western Union Tel. Co., 60 N. Y. 198; Franke v. Head, et al., 42 S. W. Repr. 913; Lebanon, Louisville and Lex. Tel. Co; v. Lanhan Lumber Co., 131 Ky. 718; Volquardson v. Iowa Telephone Co., 126 N. W. Repr. 928; Schaeffer Brano Mfg. Co. v. National Fire Extinguisher Co., 148 Fed. 159; First National Bank of Barnesville v. Western Union Tel. Co., 30 Ohio State 555.

The proximate cause of the loss was the voluntary act of the burglar, over whom the defendant had no control. Burton v. Pinkerton, L. R. 2 Exch. 340; Stone v. Codman, 15 Pick. 297; Schmidt v. Mitchell, 84 Ill. 195; Hampton v. John, 12 N. W. Repr. 276 (Ia.); Ellis v. Cleveland, 55 Vt. 357; Mitchell v. Clarke, 71 Cal. 163; Vicar v. Wilcocks, 2 Smith Lead. Cases, Eq. 553 and note; Pegram v. Western Union Tel. Co., 6 S. E. 770 (N. C.); Scheffer v. Washington City, Virginia, Midland and Great Southern Railroad Co., 105 U. S. 252.

· *Arthur S. Arnold,* for appellee.—The negligence of the defendant was the proximate cause of the accident: Pullman Palace Car Co. v. Gardner, decided in 1883, re-

ported in 3 Penny. 78, and in 14 Weekly Notes of Cases, 17; Springer v. Pullman, 234 Pa. 172; Amer. Steamship Co. v. Bryan, 83 Pa. 446; Eagle Hose Co. v. Electric Light Co., 33 Pa. Superior Ct. 581; Bannon v. P. R. R., 29 Pa. Superior Ct. 231; Russell v. Westmoreland County, 26 Pa. Superior Ct. 425; McGrew, et al., v. Stone, 53 Pa. 436; Pa. R. R. Co. v. Kerr, 62 Pa. 353; Pa. R. R. Co. v. Hope, 80 Pa. 373; Hoag v. Lake Shore & Mich. Southern R. R., 85 Pa. 293; Burrell Twp. v. Albert Uncapher, et al., 117 Pa. 353; Haverly v. R. R. Co., 135 Pa. 50; Potter v. Natural Gas Co. of W. Va., 183 Pa. 575; Gudfelder v. Pittsburgh, C., C. & St. L. R. Co., 207 Pa. 629; Koelsch v. Philadelphia Co., 152 Pa. 355; Fairbanks v. Kerr, 70 Pa. 86.

The action was properly brought in trespass: Dungan v. Read, 167 Pa. 393; Hoehle v. Heating Company, 5 Pa. Superior Ct. 21; Graham v. Cummings, 208 Pa. 516; Wood v. Virginia Hot Springs Company, 202 Pa. 40.

OPINION BY MR. JUSTICE STEWART, May 22, 1914:

The defendant engaged with the plaintiff for an annual money consideration to install and maintain in the latter's dwelling house, on North Broad street in the City of Philadelphia, an electrical signal apparatus known as burglar alarm, so constructed that it would automatically transmit to the defendant's office a notice by signal of any invasion or disturbance of door or window in the house, and that upon receipt of such signal the defendant would at once dispatch an agent to the invaded premises. So far as the evidence discloses this was the full extent of the defendant's undertaking. During the early morning of 26th October, 1910, while this relation between plaintiff and defendant continued, and the plaintiff's house was unoccupied by plaintiff or members of his household, a burglarious entrance was effected therein through a raised window, and various valuable articles amounting in the aggregate to a very considerable sum were stolen. The record shows an ex-

press admission by the defendant that on this particular occasion no agent was dispatched to the invaded premises, and no alarm signal was received at defendant's office. The negligence charged in the statement of claim was failure on part of the defendant to properly set and adjust, and keep properly set and adjusted, the alarm system which it had installed, and failure to promptly dispatch an officer for the protection of the premises. The evidence submitted by the plaintiff was to the effect that during periods when the dwelling house was not occupied, it was his custom, if not a duty required of him, to leave the key of the house with the defendant company, so that, if occasion required, easy entrance could be obtained; that during the morning of the day preceding the burglary plaintiff, desiring to get some articles from the house, requested the agent of the company to open the house for that purpose, and upon his withdrawal therefrom to restore the electrical connection which would be interrupted by the opening of the house; that the agent accompanied plaintiff to the house, opened it and then withdrew, requesting plaintiff to close the door after he had obtained what he wanted from the house, and promising to shortly return and reset the alarm; that plaintiff on withdrawing from the house carefully closed and secured the door through which he had been given entrance; that defendant's agent, if he returned at all to lock the house, neglected to reset the alarm before finally leaving it. Plaintiff's effort was to show that the electrical apparatus had given no alarm when the burglarious entry was being made because of failure on part of defendant's agent to reset it. This became the main fact in dispute. It would serve no purpose to review the evidence on one side and the other touching this disputed point. It cannot be questioned that the evidence by plaintiff was quite sufficient to warrant an inference of negligence on part of the defendant, either in failing to have the apparatus reset, or if it had been reset, in failing to send a representative

to interrupt the burglary. The electrical apparatus was in the exclusive management of the defendant; all the elements of the occurrence, barring the burglary itself, were within its control, and the result was so far out of the usual course that no fair inference that it would have been produced by any other cause than defendant's negligence could arise. Zahniser v. Torpedo Co., 190 Pa. 350. It was for the defendant to overcome the prima facie case so made out. The case as tried turned on this question of fact; did the defendant's agent on the afternoon of 25th October, when he reclosed the house, restore the current? If he did, and for some unknown reason the apparatus failed to give an alarm when the house was broken into, however the defendant might otherwise be responsible, it could not be charged, because of this fact, without more, with negligence; if, however, he did not restore the current, it was negligent failure of duty for which the defendant would be responsible. The question with suitable instructions as to the law was submitted to the jury and the finding was for the plaintiff. With defendant's negligence established, did a right of action for the tort result to the plaintiff? The instruction of the learned trial judge on this point was as follows: "Even although you conclude that the alarm was not put on, unless you find that the failure to put it on was negligence, and you are convinced by the evidence that the failure to set the alarm was the proximate cause of the loss of the articles that it is claimed were stolen, your verdict must be for defendant. The proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new cause, produces the event. The consequence must be the natural and probable consequence, distinguished from the possible consequences. The natural and probable consequences are those which human foresight can foresee, because they happen so frequently that they may be expected to happen again. The possible consequences are those which happen so infrequently that they are not expected to

happen again.   Unless the proximate cause of the robbery was the failure to set the alarm, your verdict must be for the defendant.   If you are convinced that the robbery was the natural and probable consequence that would be expected to follow a failure to set the alarm, and that the alarm was not set, you will be justified in finding a verdict in favor of the plaintiff."   This was a correct statement of the law; and we are now confronted by a finding by the jury that plaintiff's loss was the natural and probable consequence of defendant's failure to reset the electrical alarm.   It is to be observed that on this particular question of proximate cause there was no conflict of testimony whatever, and the fact of an intervening agency was manifest.   A submission of the question therefore was unwarranted; it was clearly within the province and duty of the court to decide it. Now that it is raised on the appeal by the second assignment of error, it is properly for our consideration.   Hoag v. Railroad Co., 85 Pa. 293.   Briefly stated the question is:   Was the plaintiff's loss or damage the natural or probable result of defendant's negligence?   That is to say, was it a consequence which followed directly from such negligence, and which might or ought to have been foreseen by the defendant as likely to result from a failure on its part to reset the alarm apparatus.   Of course, the defendant was not an insurer against loss; nevertheless, if defendant's loss is traceable to its negligent breach of a duty that it owed to the plaintiff, it is liable. The question is, can it be so traced to the negligence established in the case, as the primary, efficient and therefore proximate cause, or was the negligence but a remote, as distinguished from the proximate cause?   Where the original cause, that is, the negligence, is by continuous operation so linked to each succeeding fact, as that all may be said to be one continuous operating succession of events, in which the first becomes naturally linked to the last, and to be its cause, and thus within the probable foresight of him whose negligence is charged, then the

proximate cause is established. Where, however, the chain is so broken that the events and facts become independent of each other, then the result cannot be said to be the natural and probable consequence of the primary cause. Penna. R. R. v. Hope, 80 Pa. 373. Let us apply this test to the facts of the present case. The fact next preceding, the fact of plaintiff's loss, and the one fact to which the loss must be referred as its nearest antecedent is the felonious entry of plaintiff's house. How was the defendant's negligence linked, as an operating cause, to this fact or event? Certain it is that it did not produce it. The law regards those consequences as remote, and therefore not actionable which are produced by the intervention of human agency, or the voluntary act of a person over whom the defendant has no control, and his act no influence. Sedgwick on Damages, section 126. We find then a proximate cause of the loss here in the felonious entry of the dwelling, but back of that nothing, at least nothing that involves this defendant. It is argued, however, that defendant's negligence was the proximate cause of the loss because, except for it, the alarm signal would have announced to the defendant the fact of the invasion, and the company thereupon would have dispatched a representative to the invaded premises, and thus prevented the loss. But this is pure speculation. Whether that would have been the result had the apparatus been in working order can never be known. It would depend upon contingencies without number, any one of which would have been sufficient to disappoint it. Certainly there is nothing in the case from which a legal inference could be derived that the loss would have been averted had the electrical alarm been in order. Adjudicated cases of this character are not frequent. But one more nearly parallel to this than any to which we have been referred is that of State v. Ward, 9 Heisk, (Tenn.) 100, cited by Mr. Sedgwick on his Treatise on Damages in support of his text. There the state had leased convicts to the defendant and agreed to keep a guard over

them. It failed to keep the guard. The defendant's establishment was burned by a fire set by one of the convicts, and in an action by the state for the hire, the defendant set up his loss in recoupment. NICHOLSON, C. J., in the opinion says: "Looking on the contract for the measure of damages for its breach, it follows inevitably that the expense of such guards as are contracted, furnish the true measure of damages. It is conceded for the lessees that the failure to keep a night guard on watch did not cause the fire, but it enabled the incendiary to consummate his design of setting fire to the establishment. While, therefore, it is clear that the loss was the direct and immediate consequence of the fire, it is equally clear that it was not the direct and immediate consequence of a failure to keep up a night watch. Such a loss cannot reasonably be assumed to have entered into the contemplation of the parties. The contract was that a night guard should be employed; the breach was in not having such a guard; the damage looked to in the making of the contract was the expense of such occurrence, and not the probable or possible or remote damage that might occur." So here, the failure of the electric apparatus to give the appropriate signal may have enabled the invader of the house to consummate his design, but it did not cause the burglary.

The result of the court's submission of the question to the jury was a recovery by plaintiff for an act of negligence which at best was a remote cause of the loss. Admitting the facts to be as claimed by the plaintiff, the learned trial judge should have held that they did not show defendant's negligence to have been the proximate cause of plaintiff's loss, and he should have limited the damages recoverable to those sustained by reason of the breach of contract.

The appellee mistakenly assumes in the brief submitted that this point was otherwise decided in the former appeal reported in 240 Pa. 571, which was from a judgment sustaining a demurrer to plaintiff's declaration.

The learned trial judge in sustaining the demurrer had filed no opinion, and we were left to conjecture his reasons. The contention of appellee on argument was, that because the declaration averred a contract and a breach of duty by defendant thereunder, notwithstanding it further averred a tort through negligence, plaintiff's exclusive remedy was by action in assumpsit. We declined to accept this view, holding that the declaration was sufficient to call for a plea, and we accordingly reversed with leave to plead. Whether the tort alleged was in itself actionable or otherwise was not the subject of contention, nor was a decision of the question called for. Notwithstanding its insufficiency a right would still remain in the plaintiff, under the declaration in the case, to recover on account of the admitted breach of the contract. The weight of authority, says BELL, J., in Livingston v. Cox, 6 Pa. 360, has put it beyond question, that though the action may be in form as for a tort, yet if the subject of it be based on contract, the suit will be attended by all the incidents of an action ex contracto.

For the reasons given we sustain the second assignment of error, without however limiting the plaintiff's right of compensation to the amount paid by him for the wiring of his house as there stated. It will be for the jury, under proper instructions from the court to say what damages properly resulted from defendant's breach of its contract.

The judgment is reversed and a venire de novo awarded.