## Crawford *v.* McMahon.

*Execution—Levy—Claim for storage by landlord—Act of July 11, 1901, P. L. 663.*

Where the sheriff levies on goods of the defendant in the execution, which are in leased premises, the landlord of the premises is not entitled to claim out of the fund for distribution, storage charges from the date of the levy to the date of the sale, if it appears that the landlord had made no contract with the sheriff as to the storage, nor had the sheriff made any request on the landlord to furnish any such accommodation.

In such a case where the landlord's claim has been disallowed on a rule on the sheriff and the claimant, to show cause why the claim should not be disallowed, and no objection is taken at the time to this procedure, it is too late to object on appeal that the procedure was improper inasmuch as the sheriff in the first instance was the party upon whom the duty to make distribution fell.

Argued Oct. 8, 1917. Appeal, No. 180, Oct. T., 1917, by Horace F. McCann, from order of C. P. No. 5, Phila-

delphia Co., Sept. T., 1914, No. 4822, making absolute
rule to disallow claim for storage in case of James Craw-
ford v. John F. McMahon and Marie McMahon. Before
ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART,
TREXLER and WILLIAMS, JJ. Affirmed.

Rule to show cause why storage claim should not be
disallowed.

From the record it appeared that plaintiff issued exe-
cution against personal property of the defendants. The
goods levied upon were in a building owned by Horace
F. McCann, the claimant. McCann filed a claim with the
sheriff for storage and rent charges for the goods levied
upon. The plaintiff took a rule upon the sheriff and upon
Horace F. McCann to show cause why Horace F. Mc-
Cann's claim for storage and rent should not be disal-
lowed. Upon hearing, the rule was made absolute. Other
facts appear by the opinion of the Superior Court.

*Error assigned* was order making absolute rule to dis-
allow claim.

*Frederick A. Sobernheimer,* for appellant, cited : Mar-
ble Co. v. Burke, 5 W. N. C. 124; Grove v. Barclay, 106
Pa. 155; Tourison v. Engard, 30 Pa. Superior Ct. 179.

*John W. Hallahan,* for appellee.

OPINION BY TREXLER, J., March 2, 1918:

The Act of July 11, 1901, P. L. 663, designates the fees
to be received by sheriffs in this Commonwealth, and
among other things provides that the sheriff shall have
"reasonable expenses of insurance, arranging goods for
sale, heat, light, storage, rent, transportation, feeding
live stock, and similar expenses incurred in caring and
keeping goods and chattels levied upon, when the same is
necessary and advantageous, or when requested by the
plaintiff or defendant to incur such expense."

The claimant asks that $174 be allowed him for storage out of the funds in the hands of the sheriff. The matter came before the court on a rule on the sheriff and the claimant to show cause why the claim for storage should not be disallowed. The claimant made answer, depositions were taken, the case was heard, the claim was disallowed, and the rule made absolute. No question was raised as to the regularity of the procedure and now for the first time it is urged that the course pursued was irregular, that the sheriff in the first instance was the party upon whom the duty to make distribution fell. It is now too late to raise the question.

The real question at issue is whether the court was right in refusing to allow the claim for storage. The appellant had no contract with the sheriff, nor was any request made of the claimant by the sheriff to furnish any such accommodation. The claim rests entirely on the fact that by reason of a delay in the sale of the goods after levy was made, the goods levied upon remained on the premises, and it is argued an implied promise on the part of the sheriff to pay for the storage arose. The demand of the appellant is in the nature of a claim for use and occupation. If we refer to the act we find the expense for storage must be "incurred" by the sheriff. The sheriff is liable for the forthcoming of the property levied by him under an execution and he may make a contract for the payment of reasonable expenses for the safeguarding of the goods levied upon. He is the actor in the matter. The liability arises by reason of some act on his part. In the absence of any liability "incurred" there can be no claim against the fund. If the owner of the premises wishes to be paid for the space occupied by the goods levied upon, he must make some arrangement with the sheriff for payment of storage. The sheriff is the custodian of the property levied upon. The expenses of caring for it, until the legislature provided otherwise, fell upon him. In Hartleib v. McLane, 44 Pa. 510, the expenses of a watchman and for the removal of goods

were held to be covered by the taxable costs, they being supposedly sufficient for that purpose. The Act of 1901 makes the expenses therein enumerated payable out of the fund but nevertheless recognizes the fact that the sheriff in the first instance must incur the liability. The claimant has failed to show this.

It also appears that according to the appellant's own testimony in the matter, the goods for which storage is claimed were on premises leased to one McMahon, the defendant in the execution, and were in the possession of Boyer, who held under McMahon. The appellant filed a claim for rent for the same period covered by the storage charges, and although it is said the claim for rent was withdrawn, the court might well have rejected the claim on the ground that the appellant did not have possession of the premises, and was not in the position, in any view of the case, to require payment for storage.

The assignments of error are overruled and the judgment is affirmed.