## Commonwealth, to use, v. Weglein, Sheriff, et al.

*J. S. Richman* and *M. C. Solomon*, for plaintiff.

*Wm. J. Brady, William Linton* and *Fred. H. Spotts*, for defendants.

LAMBERTON, J., September 15, 1934.—Suit was brought against the Sheriff of the County of Philadelphia and his bondsman. An amended statement of claim was filed, followed by an affidavit of defense raising questions of law. In the present situation, it is not our duty to determine whether or not the sheriff and his bondsman are liable. Our duty is to determine whether, on the facts averred in the statement of claim, it is possible that they may be liable.

The amended statement of claim avers that on May 19, 1933, Max Schermer Building and Loan Association caused execution to be issued against Fidelity Loan Company, Inc., upon a judgment; that the sheriff levied upon personal property in the possession of Fidelity Loan Company, Inc., on premises located at the southeast corner of Ninth and Walnut Streets, in the City of Philadelphia; that among the articles levied upon was a diamond ring owned by the use-plaintiff, John French, which was of the value of $1,450 and had been pledged with Fidelity Loan Company, Inc., as security for a loan of $100; that on May 29, 1933, while said goods were in the possession of the sheriff, the premises were burglarized, and the diamond ring belonging to use-plaintiff was stolen.

There is no doubt that a pledgor of personal property has the right to maintain such an action. There is likewise no doubt that, if the sheriff is liable, his bondsman is likewise liable. The action is therefore properly brought.

The statement of claim avers five reasons why the sheriff should be liable to use-plaintiff for the value of the ring stolen. We will consider these seriatim.

1. That the judgment of Max Schermer Building & Loan Association was void, because the bond upon which it was entered was executed without consideration.

This fact would give rise to no right of action. The sheriff is under no duty to inquire into the validity of judgments upon which execution is issued.

2. That the ring in question was not the property of Fidelity Loan Company, Inc. but of use-plaintiff, and therefore the sheriff committed a breach of duty in seizing it.

This again would give rise to no right of action. The sheriff may properly levy upon any goods found in the possession of a defendant. It is to take care of a situation such as this that we have our interpleader acts.

3. That the sheriff discontinued a Holmes Electric Company Protective System upon the premises and in lieu thereof employed four watchmen.

This fact likewise would give rise to no right of action. It was certainly not the duty of the sheriff to use any particular method of protecting the goods in his possession.

4. That the sheriff employed four watchmen to guard and protect the property levied upon and that this guard was insufficient.

This and no. 5 will be discussed together.

5. That the watchmen employed by the sheriff did not properly guard the property in the possession of the sheriff.

The statement of claim then avers that, because of the insufficiency in the number of watchmen and their negligence in protecting the property, the robbery occurred.

Counsel for use-plaintiff argues that there is an absolute duty upon the sheriff safely to keep property upon which he has levied, except in the case of an act of God or of a public enemy. This is undoubtedly what our Supreme Court has said in the case of Hartleib v. McLane's Administrators, 44 Pa. 510, which was cited with approval in the case of Reece v. Rodgers, 40 Pa. Superior Ct. 171, and as recently as 1918 in the case of Crawford v. McMahon, 69 Pa. Superior Ct. 19. We have been referred to no Pennsylvania cases holding the contrary. While, in the case of Hartleib v. McLane's Administrators, the statement of the sheriff's liability is unequivocal, the reasons given are such as would hold good only in the case of the defendant or of the execution creditor. We consider this rule an extremely hard one, and would ourselves .

prefer a rule which would impose upon the sheriff only the duty of ordinary care. It may be that a distinction should be drawn between the situation here existing, where a third party is involved, and the situation existing in the Hartleib case, where the execution creditor was involved. This matter need not be decided by us at this time, however, for we are of opinion that even if the test is that of ordinary care, the affidavit of defense raising questions of law must be overruled.

Counsel for defendant argues that the liability of the sheriff must be predicated upon his negligence and that such negligence has not been properly pleaded. In the statement of claim, it is averred that the sheriff was negligent in that he did not employ more than four watchmen. As a matter of fact, it is difficult to see how more than four watchmen could be required to guard the goods stored in one property. It may be that, when the evidence is presented, the trial court will declare as a matter of law that the failure to supply more than four watchmen was not negligence, but we cannot so declare as a matter of law in advance of trial. We cannot now know what evidence the use-plaintiff will present.

The statement of claim avers that the watchmen did not exercise proper care in guarding the property levied upon. If they did not exercise proper care, their failure to do so was negligence, and their negligence is attributable to the sheriff. A general averment of negligence is insufficient, and the statement of claim should have averred in just what particulars the watchmen were negligent. Such a defect, however, should be remedied by a rule for a more specific statement of claim and cannot justify a judgment for defendant upon an affidavit of defense raising questions of law. We cannot say as a matter of law that the watchmen were not negligent, when the statement of claim avers that they were, and there is nothing in the record to show the contrary.

The strongest argument on behalf of the sheriff is that the acts of negligence averred were not the proximate cause of the loss of the ring. Of course, if there is an absolute duty upon the sheriff safely to preserve the goods, this argument has no weight. But even if the sheriff is liable only for lack of ordinary care, we believe that the case cannot be decided in his favor on this point. Counsel for the sheriff have cited the case of Nirdlinger v. American District Telegraph Co., 245 Pa. 453, which on its facts is strikingly similar to the present case. It will be noted, however, that the Nirdlinger case arose on an appeal after trial, and the Supreme Court held that, on the facts proved, the negligence of the defendant was not the proximate cause of the loss. It is interesting to note that this same matter was before the Supreme Court in 240 Pa. 571, where the action of the lower court in sustaining the demurrer taken before the trial was reversed.

In view of the decision of the Supreme Court in the Nirdlinger case, we deem it extremely unlikely that plaintiff will be able to prove that the negligence of the sheriff, if that shall be proven, was the proximate cause of the loss, but it is conceivable that such fact might be proved. Consequently, we cannot hold as a matter of law in advance of trial that defendant is entitled to judgment because the negligence of the sheriff was not the proximate cause of the loss.

We are not now deciding, because we need not now decide, whether there is an absolute duty upon the sheriff to preserve the goods or whether his liability must be predicated upon lack of ordinary care. Whichever is the case, the statement of claim states a cause of action. If the duty of the sheriff

is absolute, the question of probable cause is of no importance. If the duty of the sheriff is that of ordinary care, the question of probable cause is of vital importance, but cannot be decided as a matter of law in advance of trial.

And now, to wit, September 15, 1934, the affidavit of defense raising questions of law is overruled, with leave to defendants to file an affidavit of defense on the merits within 15 days of the date hereof.