427 So.2d 1132 (1983)
Suzanne McCORD, Etc., Appellant,
v.
SENTRY PROTECTION, INC., Appellee.
No. 82-507.
District Court of Appeal of Florida, Fifth District.
March 16, 1983.
Steven Burrage of Robert D. Melton, P.A., Orlando, for appellant.
Harold E. Morlan, II of Baker & Hostetler, Orlando, for appellee.
COWART, Judge.
Can an owner who suffers a loss by burglary while a burglar alarm is malfunctioning recover the loss from the burglar alarm company whose negligence in performing an agreement to repair and maintain caused the malfunction of the alarm, or was the burglary an unforeseeable intervening criminal act breaking the chain of causation?
Plaintiff-appellant appeals a final order dismissing an action after plaintiff's second amended complaint was dismissed with prejudice. The dismissed complaint is in four counts: breach of contract, negligent repair, breach of implied warranty of fitness and breach of express warranty. The complaint alleges that plaintiff, owner of a lapidary shop having a burglar alarm that had been damaged by lightning, contracted with the defendant burglar alarm company to repair and maintain the burglar alarm; that in performance of such contract the defendant negligently made repairs leaving the alarm system defective and with a test light indicating that the alarm system was operational when, in fact, it was not; that while the burglar alarm system was so defective plaintiff suffered a loss and damages as the result of a burglary that would not have occurred, or that would not have resulted in plaintiff's loss, but for the defective burglar alarm. The defendant challenged the sufficiency of the complaint to state a cause of action citing Nicholas v. *1133 Miami Burglar Alarm Co., 339 So.2d 175 (Fla. 1976), and Singer v. I.A. Durbin, Inc., 348 So.2d 370 (Fla. 3d DCA 1977).
Both Nicholas and Singer involved claims by an owner against a security or burglar alarm company for damages resulting from a burglary but neither case involved a defect in the burglar alarm system alleged to have been the direct result of a breach of contract to repair and maintain the system. In Nicholas, the alarm company's agent allegedly failed, contrary to an alleged agreement, to notify the police when the alarm system functioned and relayed a "trouble signal." In Singer it was alleged that the alarm company contracted to, but negligently failed to, wire into the alarm system all windows of a home and the home was burglarized through an unwired window. In both Nicholas and Singer complaints were held to state a cause of action as against a motion to dismiss based on an argument that there is a general rule of law that a burglar alarm company whose system fails to function properly is not liable for a burglary loss. Nicholas and Singer refer to this "rule of law" but both held it inapplicable to the facts in those cases. The rule does appear to have been accepted in Nicholas v. Miami Burglar Alarm Co., 266 So.2d 64 (Fla. 3d DCA 1972), rev'd in part, 339 So.2d 175 (Fla. 1976), which cites with approval Nirdlinger v. American Dist. Teleg. Co., 245 Pa. 453, 91 A. 883 (1914), and the annotation at 165 A.L.R. 1254 (1946). The theory for the rule is given to be that a burglary is an unforeseeable intervening act breaking the chain of causation because the occurrence of the burglary at a particular time is unforeseeable and the defendant's negligence is purely speculative and dependent on several contingencies, and the proximate cause of the loss is not the negligence but the burglary. In short the rule is based on the theory that the defendant's negligence or breach of contract is not the proximate cause of the loss because the particular burglary that occurred is unforeseeable. The courts in Nicholas and in Singer recognized that the general rule that an intervening criminal act breaks the chain of causation is based on the premise that a person usually has no reason to foresee the criminal acts of another and both cases qualify the rule by saying that when the intervening criminal act, or the loss therefrom, is foreseeable, a defendant may be liable notwithstanding the intervening criminal act, citing Cooper v. I.B.I. Security Service of Florida, Inc., 281 So.2d 524 (Fla. 3d DCA 1973), cert. denied, 287 So.2d 95 (Fla. 1973). Neither Nicholas nor Singer stopped there but both went on to hold that the burglary in question was foreseeable. Nicholas said that the burglary and loss in that case was foreseeable as a result of the receipt of the ignored trouble signal while Singer found foreseeability more generally based on statistics showing the great increase in burglaries in Florida from 1973 to 1977.
Whatever the state of the development of the law and of burglar alarm equipment in Pennsylvania in 1914, this court has held that a specific violent criminal assault is foreseeable merely because prior criminal acts have occurred in the community and has upheld the liability of those who were not in the business of foreseeing criminal activity and protecting against it.[1] In statements of the supposed general rule of law that a burglar alarm company is not liable for a burglary if its equipment malfunctions, there is some indication that what was contemplated were "spontaneous" or unforeseeable malfunctions and not, as here, defects in the system alleged to have been directly caused by negligence or the breach of an agreement to repair and maintain the burglar alarm system. In any event, we hold that as between owners of property and burglar alarm companies who contract with them to provide, repair or maintain burglar alarms, the possibility of a successful burglary, and of loss resulting therefrom resulting from the negligent breach of a contractual obligation to provide, repair *1134 or maintain a burglar alarm, is reasonably foreseeable.
REVERSED.
COBB, J., and JOHNSON, CLARENCE T., Jr., Associate Judge, concur.
NOTES
[1] See, e.g., Orlando Executive Park, Inc., v. P.D.R., 402 So.2d 442 (Fla. 5th DCA 1981), cert. denied, 411 So.2d 384 (Fla. 1981).