## Country Squire Deli Inc. v. Maximum Security Alarms Inc.

*H. Alan Vican*, for plaintiff.
*Peter J. Quigley*, for defendant.
*Joel H. Ziev*, for additional defendant.

O'BRIEN, *J.*, February 8, 1988—Maximum Security Alarms Inc. installed a burglar alarm system at the business premises of plaintiff pursuant to a contract dated July 31, 1981. On or about March 19, 1983, plaintiff's premises was burglarized, at which time the alarm system allegedly malfunctioned, failing to sound an alarm. On April 4, 1986, Country Squire Deli Inc. filed suit against Maximum Security Alarms Inc. alleging the defective installation of a burglar alarm system. On April 29, 1986, Maximum Security joined Alarm Device Manufacturing Company (ADEMCO), the manufacturer of the alarm, as an additional defendant for purposes of indemnity and/or contribution. ADEMCO has filed a motion for judgment on the pleadings which following briefs and argument is now before the court for disposition.

A motion for judgment on the pleadings may be granted only where the facts are not at issue and the law is so clear that a trial would be a fruitless exercise. *Beardell v. Western Wayne School District*, 91 Pa. Commw. 348, 496 A.2d 1373 (1985). All well-pleaded allegations of the party opposing the motion must be taken as true, while only those facts specifically admitted by the opposing party may be considered against him. *Singer v. School District of Philadelphia*, 99 Pa. Commw. 553, 513 A.2d 1108 (1986). Unless it is clear on the face of the plead-

ings that the law will not permit recovery, the motion will be denied. *Merrit v. Board of Education, Philadelphia School District*, 99 Pa. Commw. 178, 513 A.2d 504 (1986). The pleadings clearly set forth allegations that a burglary occurred at plaintiff's premises, the alarm system malfunctioned, and ADEMCO manufactured the alarm.

The issue presented by ADEMCO's motion is whether the alleged negligent manufacturing of an alarm system can be the proximate cause of damages or whether a burglary of plaintiff's premises acted as a superseding cause breaking the chain of proximate causation therefore relieving ADEMCO of any liability.

To answer this issue we must interpret Pennsylvania law as viewed within a developmental context. In *Nirdlinger v. American District Telegraph Co.*, 245 Pa. 453, 91 Atl. 883 (1914), our Supreme Court held that defendant company which had installed a burglar alarm system in plaintiff's home but had negligently failed to properly reset the alarm after it had been temporarily turned off, was not liable in trespass for the loss sustained by plaintiff from a burglary occurring thereafter. The court found that the chain of causation between defendant's negligence and the loss sustained by plaintiff had been broken by the burglary. Since *Nirdlinger*, however, the Pennsylvania Supreme Court has adopted those sections of the Restatement (Second) of Torts dealing with proximate cause. See *Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280 (1978); *Ford v. Jeffries*, 474 Pa. 588, 379 A.2d 111 (1977); *Whitner v. Von Hintz*, 437 Pa. 448, 263 A.2d 889 (1970). Specifically section 448 provides as follows:

"The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's

negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, *unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.*" (emphasis supplied)

According to recent Pennsylvania case law and the Restatement, liability revolves upon a concept of reasonable foreseeability that an intentional tort or crime may be committed by a third person as a result of the actor's negligent actions. In *Douglas W. Randall Inc. v. AFA Protective Systems*, 516 F. Supp. 1122 (E.D. Pa. 1981) affirmed 688 F.2d 820 (3d Cir. 1982) the district court, applying Pennsylvania law, held that a defendant installer of a burglar alarm was liable to a plaintiff whose home was burglarized when the alarm did not give adequate warning. Proximate cause was found to exist since defendant should have realized that as a result of improper adjustment of the alarm system to a point where it could not pick up anything, it was likely that a successful burglary could have occurred. Similarly, in the instant case, it is a reasonable allegation that the defective manufacture of a burglar alarm system increases the likelihood of successful burglaries. Thus it may be established at trial that the burglary was not a superseding cause and the chain of proximate causation is still intact.

ADEMCO's reliance on *Manix v. Commonwealth Security Systems Inc.*, 70 Lancaster L. Rev. 328 (1986) is misplaced. In *Manix,* plaintiffs sued defendant installer of a burglar alarm system for losses resulting from a burglary. The court although finding defendant liable limited the amount of plaintiff's recovery to fees and costs as was expressly set forth

in the contract between the parties. Such limitation of damage clauses are enforceable in Pennsylvania. See *Lobianco v. Property Protection Inc.*, 292 Pa. Super. 346, 437 A.2d 417 (1981). In the case at bar, the existence of a limitation of damages clause has not been averred. Furthermore, with regard to the issue of proximate cause, the *Manix* court analysis would support our conclusion. See *Manix v. Commonwealth Security Systems Inc.* at 331.

### ORDER

And now, February 8, 1988, the motion of additional defendant Alarm Device Manufacturing Company for judgment on the pleadings is denied.