127 So.2d 910 (1961)
Ellen S. BRYANT, individually, and as executrix of the Estate of James S. Bryant, Deceased, Appellant,
v.
ATLANTIC CAR RENTAL, INC., a Florida corporation, and Robert Skinner, Appellees.
No. 1931.
District Court of Appeal of Florida. Second District.
March 15, 1961.
Green, Bryant & Simmons, Ocala, for appellant.
Maguire, Voorhis & Wells, Orlando, for appellees.
KANNER, Judge.
Final judgment on the pleadings, upon defendants' motion, was rendered in the trial court. Through this appeal, the plaintiff questions disposition of the action through such judgment without benefit of jury trial under the facts involved.
Essentially, it is alleged in the complaint that the defendant, Atlantic Car Rental, Inc., was the owner of an automobile leased to the defendant, Robert Skinner, and that Skinner negligently left the automobile parked and unattended on a public street near the business section of Eustis, Florida, with the keys openly displayed in the ignition lock. It was charged that, as a direct and proximate result of Skinner's negligence, the automobile was stolen by a youth who negligently drove the vehicle into one owned and operated by James S. Bryant, husband of the plaintiff, killing him instantly and destroying his car.
The problem raised on this appeal is one which has been faced in a number of jurisdictions in the United States. Plaintiff frankly recognizes that a majority of those jurisdictions have adjudged, under facts substantially similar to those here considered, that no cause of action was stated so as to entitle a plaintiff to a jury trial. Plaintiff asserts, however, that the minority cases are better reasoned and are founded upon firm principles of logic and public policy. It is argued that the present factual situation comes within this minority view, which supports the theory that the *911 leaving of the key in the ignition switch creates a basis for negligence, that both the theft and negligent driving on the part of the thief were foreseeable consequences of the original act, and that such act created an unreasonable risk to innocent third persons, thereby constituting the proximate cause of the injury. Under this premise, the plaintiff contends that the questions of reasonable foreseeability and intervening proximate causality become fact questions to be resolved by a jury.
A greater number of the cases cited and relied upon by the plaintiff are ones wherein there was a statute or ordinance prohibiting the leaving of a motor vehicle unattended with the key in the ignition switch. The case here does not concern any such violation, there being neither a statute nor an ordinance involved. The cases cited by plaintiff which pertain neither to legislative nor municipal enactments are Schaff v. R.W. Claxton, Inc., 1944, 79 U.S.App.D.C. 207, 144 F.2d 532; Morris v. Bolling, 1948, 31 Tenn. App. 577, 218 S.W.2d 754; and Pfaehler v. Ten Cent Taxi Co., 1942, 198 S.C. 476, 18 S.E.2d 331; but an examination of these reveals factual situations distinguishable from the case at bar.
As to the Florida jurisdiction, we turn now to the recent case of Lingefelt v. Hanner, Fla.App. 1960, 125 So.2d 325. In that case, our sister court, the third district, by majority decision upheld the dismissal of a complaint wherein liability was sought against the defendants, who, in violation of an ordinance, left a vehicle unattended with ignition unlocked, with the result that it was taken by an unauthorized person and subsequently involved in a collision through which were inflicted the damages complained of. It was concluded that the issue was one of causation. For the purpose of considering the causative factor, it was assumed that the act of the defendants in violation of the ordinance was prima facie evidence of negligence which required a determination of the issue of proximate cause. The majority, stating that the facts were not in dispute and were susceptible of only one inference, concluded that the question then became one of law for the court to decide. In arriving at its judgment of affirmance, the court followed the opinion expressed in other jurisdictions that a wilful, malicious, or criminal act as a general rule breaks the chain of causation.
Whether or not, absent a prohibitory provision, the circumstances of Skinner's parking of the automobile with ignition key in the lock, of itself, constituted prima facie negligence is not a question which we now deem necessary to pass upon. This is so because the near unanimity of the holdings establishes as a general rule that, in the absence of a prohibitory statute or ordinance, an owner or operator of an automobile who leaves it unattended with key in the ignition switch is not liable for negligent operation of the automobile by one who steals it. Kalberg v. Anderson Bros. Motor Co., 1958, 251 Minn. 458, 88 N.W.2d 197; Williams v. Mickens, 1957, 247 N.C. 262, 100 S.E.2d 511; Town of Jackson v. Mounger Motors, La. App. 1957, 98 So.2d 697; Wagner v. Arthur, Ohio Com. Pl. 1956, 134 N.E.2d 409; Kinsley v. Von Atzingen, 1952, 20 N.J. Super. 378, 90 A.2d 37; Kiste v. Red Cab, 1952, 122 Ind. App. 587, 106 N.E.2d 395; Reti v. Vaniska, Inc., 1951, 14 N.J. Super. 94, 81 A.2d 377; Corinti v. Wittkopp, 1959, 355 Mich. 170, 93 N.W.2d 906; Anderson v. Theison, 1950, 231 Minn. 369, 43 N.W.2d 272; and Annotation 51 A.L.R.2d, section 17, Thieves, p. 662. The court decisions generally place emphasis both on the lack of reasonable foreseeability and the independent intervening cause as precluding liability against the owner or operator of the vehicle.
Thus we are constrained to choose the majority view as against that of the minority earnestly urged by the plaintiff. In so doing, we are bound to affirm the judgment.
Affirmed.
ALLEN, C.J., and SHANNON, J., concur.