MANN, Judge.
We consider the role of trial and appellate courts in the perfection of pleadings. We determine that an appellate court is not the place for the refinement of pleadings.
Appellee Warren Brothers Company contracted to perform certain improvements on the land of appellant Port Carlos Trailer Park, Inc. It did not perfect its statutory lien under Florida Statutes Chapter 713 (1969), F.S.A. In this action it alleges that Port Carlos Trailer Park has “failed and refused and is unable” to pay what is due, and contends that it has an equitable lien. We decline to determine this question.
We concede that F.A.R. 4.2, 32 F.S.A. still improvidently allows appeals as a matter or right from interlocutory orders in matters formerly cognizable in equity. If the question were squarely presented we would have to answer it. But it is not squarely presented.
Here is the course of pleading in the circuit court: The complaint was filed, and a *166 motion to dismiss was addressed thereto-, claiming failure to state a cause of action. This motion was denied. No appeal was taken. A second motion to dismiss was filed, together with a motion for judgment on the pleadings. The motion to dismiss was denied on authority of RCP Rule 1.140 (g), 30 F.S.A.,[1] although Rule 1.140(h) poses a problem. That rule provides :
“(h) Waiver of Defenses. A party waives all defenses and objections which he does not present either by motion as herein provided or, if he has made no motion, in his answer or reply except (1) that the defense of failure to state a cause of action, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits and (2) that when it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter. * * ”• (Emphasis added.)
We think “also” provides an additional, not an alternative, opportunity to raise the sufficiency of the complaint.
 But if the complaint discloses any basis on which the plaintiff may recover the motion to dismiss should be denied.[2] This complaint clearly alleges a contract and an unpaid balance. The dispute is whether there is also a basis for an equitable lien. This question is dealt with in many Florida cases [3] and the trial judge is exceptionally able to deal with it. Even if there is not any basis in this or an amended complaint for an equitable lien, the action may continue as one for money damages. Accordingly, without reaching the question appellant wants answered, the order is
Affirmed.
HOBSON, C. J., and McNULTY, J., concur.

. (RCP Rule 1.140(g)) — “Consolidation of Defenses. A party who makes a motion under this rule may join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on any of the defenses or objections so omitted, except as provided in subdivision (h) of this rule.”

. See 2A Moore, Federal Practice § 12.08.

. See Crane Co. v. Fine, Fla.1969, 221 So.2d 145 and cases cited therein.