266 So.2d 64 (1972)
J.K. NICHOLAS, Individually and D/B/a J.K. Nicholas & Co. Appellant,
v.
MIAMI BURGLAR ALARM CO., Inc., Appellee.
No. 72-173.
District Court of Appeal of Florida, Third District.
August 22, 1972.
Rehearing Denied September 20, 1972.
Leo M. Alpert, and Jonathan L. Alpert, Miami, for appellant.
Robert C. Lane, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
*65 PEARSON, Judge.
The appellant brought an action in four counts against the appellee. Each count claimed damages growing out of an alleged faulty installation or maintenance of a burglar alarm system by the appellee. The complaint was dismissed with prejudice and this appeal is from the final judgment entered pursuant to the order of dismissal.
The first count in the complaint alleged a breach of the contract between the parties. The contract is attached to the complaint and contains the following promise by the appellee: "Party of the first part agrees to keep the system in proper working order and when notified of trouble, make all repairs caused by burglars or system troubles, replace worn or broken parts and furnish batteries necessary to operate the system free of charge." It is alleged that the appellee failed to keep the system in proper working order. The damages claimed are losses from a burglary.
The second count alleged an implied warranty of fitness and claimed that the system was unfit, while the third count alleged negligent maintenance of the system by failure to promptly repair. The damages claimed in these two counts are losses from the same burglary.
The fourth count realleged the acts complained of in the first, second, and third counts, and demanded punitive damages because:
* * * * * *
"6. [e]ven though Defendant Miami Burglar Alarm was notified that the said alarm system was not working properly as aforesaid, Defendant Miami Burglar Alarm failed to make any examination or investigation whatsoever into why the system was not working properly, said failure evincing a complete and entire want of care or want of even slight care or slight attention by Defendant to the duty it had assumed toward the Plaintiff, thus constituting gross, wanton and willful negligence."
* * * * * *
The appellee moved to dismiss on the ground that it could not as a matter of law be held liable for the acts or crimes of other persons. The motion was granted and this appeal followed.
The appellant concedes that it has generally been held that a burglar alarm company is not liable for a burglary even though its system fails to function properly. See Nirdlinger v. American District Telegraph Co., 245 Pa. 453, 91 A. 883 (1914); Annot., 165 A.L.R. 1254 (1946). He argues that this holding does not apply to this case because the defendant received a trouble signal alerting the defendant to the fact that the burglar alarm system may not have been functioning, and the defendant failed to send anyone or make any investigation whatsoever. It is argued that if an investigator had been sent to the plaintiff's place of business he would have seen that the wires had been deliberately cut and that this might well constitute preparation for the burglary which in fact later occurred.[1]
Although the appellee does not cite a Florida case holding that a company which negligently installs or maintains a burglar alarm system pursuant to a contractual arrangement is not liable to its customer *66 for an ensuing burglary, we find that this legal principle, as stated in Nirdlinger, supra, is fully accepted in the law of several states. See Libby, McNeill & Libby v. Illinois District Telegraph Co., 294 Ill. App. 93, 13 N.E.2d 683 (1938); Annot., 165 A.L.R. 1254 (1946).
The principle that an intervening criminal act breaks the chain of causation, and therefore the original negligence of the defendant cannot be the proximate cause of the damage resulting from the intervening criminal act, has been applied in Florida. See Bryant v. Atlantic Car Rental, Inc., Fla.App. 1961, 127 So.2d 910; Lingefelt v. Hanner, Fla.App. 1960, 125 So.2d 325.
The appellant limits his claim of damages to the loss from the burglary except in the fourth count. In that count, the appellant relies on a claim for both compensatory and punitive damages in amounts exceeding $5,000.[2] The question immediately arises: Does the complaint indicate that the only damages which appellant can claim are the compensatory damages resulting from the burglary loss? We think that this does not appear as a matter of law from the fourth count of the complaint. Where the allegations of a complaint show the invasion of a legal right, the plaintiff may recover at least nominal damages, and a motion to dismiss by the defendant should be denied. See cases cited at 7 Florida Law and Practice, Damages § 43. Therefore, we hold that the trial court correctly granted appellee's motion to dismiss the first, second, and third counts, but that the court erred when it dismissed the fourth count.
Appellant has presented an additional point arising out of the order dismissing the action which concerns the jurisdiction of the circuit court. Strictly speaking, it is not necessary for us to decide the additional point on this appeal, but in order to expedite the ultimate disposition of the litigation, we will proceed with its determination. The trial court held:
* * * * * *
"The liquidated damage provision in the contract between the Plaintiff and Defendant is valid and this case, if a cause of action existed, should be transferred to the Small Claims Court."
* * * * * *
The provision in the contract to which the court refers is:
* * * * * *
"It is agreed by and between the parties hereto that the Contractor is not an insurer, and that the payments herein named are based solely upon the value of the service in the operation of the system described, and in the case of failure to perform such service, and a resulting loss, its liability hereunder shall be limited and fixed at the sum of twenty-five dollars as liquidated damages and not as a penalty, and this liability shall be exclusive, and in no case shall it exceed the amount received by us for installation."
* * * * * *
The question presented is whether this provision is effective to limit plaintiff-appellant's recovery. Contract provisions of this type have generally been held to be valid. See cases cited in Annot., 42 A.L.R.2d 591 (1955). The courts of this state have, however, consistently examined contracts fixing the amount of damages to determine whether the provision is in fact a liquidated damages provision or a penalty. Hutchison v. Tompkins, Fla. 1972, 259 So.2d 129; Pembroke v. Caudill, 160 Fla. 948, 37 So.2d 538 (1948); Smith v. Newell, 37 Fla. 147, 20 So. 249 (1896). The rule in Florida has been stated in Stenor, Inc. v. Lester, Fla. 1951, 58 So.2d 673.
* * * * * *
"The fundamental rule recognized almost universally is that when the actual damages contemplated by the parties *67 upon breach are susceptible of ascertainment by some known rule or pecuniary standard and the stipulated sum is disproportionate thereto, it will be regarded as a penalty. Pembroke v. Caudill, 1948, 160 Fla. 948, 37 So.2d 538, 6 A.L.R. 2d 1395. The prime factor is whether the sum named is just compensation for the damage resulting from breach."
* * * * * *
See 5 Corbin on Contracts, § 1063 (1964). It is true that whether a sum specified in a contract represents a penalty or liquidated damages is a matter of law for determination by the court. Smith v. Newell, supra. Nevertheless, it is clear that a proper determination of this question cannot be made solely from examining the complaint. In a recently decided case, Hutchison v. Tompkins, supra, the Supreme Court of Florida fully supported this legal principle:
* * * * * *
"Finally, we disagree that a finding that the liquidated damage provision constituted a penalty would have required that the complaint be dismissed for failure to state a cause of action. It is well established in Florida that where the allegations of a complaint show the invasion of a legal right, the plaintiff on the basis thereof may recover at least nominal damages, and a motion to dismiss should be overruled. Williams v. Atlantic Coast Line R. Co., 56 Fla. 735, 48 So. 209, 24 L.R.A.,N.S., 134 (1909) and Augustine v. Southern Bell Telephone & Telegraph Co., 91 So.2d 320 (Fla. 1956)."
* * * * * *
Therefore, based on the foregoing cases and authorities, we hold that the trial court correctly granted appellee's motion to dismiss the first, second, and third counts of the complaint, but erroneously held as a matter of law that the damages claimed in the fourth count were insufficient to meet the jurisdiction of the circuit court.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] Count III of the complaint alleged in part:

* * * * *
"5. In the alternative or cumulatively Defendant Miami Burglar Alarm was negligent in that on or about July 30, 1970 when Miami Burglar Alarm was notified of trouble in the burglar alarm system leased to the Plaintiff, Defendant failed even to investigate said trouble, which investigation was reasonably necessary and would have been made in the exercise of reasonable care, and which so made would have revealed a disconnected wire so that the said burglary alarm system was not in proper working order at the time of the burglary by person or persons unknown on or about July 30, 1970, as aforesaid."
* * * * *
[2] See Rule 1.110(b)(3), and Rule 1.120(g), R.C.P., 30 F.S.A.