277 So.2d 569 (1973)
FACTORY INSURANCE ASSOCIATION, a Foreign Corporation, Appellant,
v.
AMERICAN DISTRICT TELEGRAPH COMPANY, a Florida Corporation and Smith Plumbing Services, Inc., a Florida Corporation, Appellees.
No. 72-1072.
District Court of Appeal of Florida, Third District.
May 8, 1973.
Fowler, White, Humkey, Burnett, Hurley & Banick and A. Blackwell Stieglitz, Miami, for appellant.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and Walter S. Holland, Stephens, Magill, Thornton & Sevier, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Plaintiff-appellant appeals a partial summary judgment and order dismissing the complaint with prejudice as to the defendant American District Telegraph Company.
In September 1966, defendant American District Telegraph Company contracted with the International Correspondence Schools World Limited, Inc., to install and service fire equipment owned by the defendant *570 on the school's premises. Defendant Smith Plumbing Services, Inc., the authorized agent of American District Telegraph Company, performed the actual installation and maintenance service. On August 25, 1970, as a result of a malfunction and failure of the system, water escaped resulting in damage and destruction of school property. The school, an insured of the plaintiff, Factory Insurance Association, filed a claim under its policy. Plaintiff made payments and thereby became subrogated to the rights of the insured under the terms of the policy. Factory Insurance Association then filed suit against the defendants, American District Telegraph Company and Smith Plumbing Services, Inc., for breach of contract, negligence, and breach of express and implied warranty. The lower court granted American District Telegraph Company's motion for partial summary judgment as to all claims on the basis of the limitation of liability in paragraph 15[1] of its contract, and later entered its order dismissing the cause with prejudice with respect to American District Telegraph upon its payment of $95.30 into the registry of the court. The issues as to defendant Smith Plumbing Services, Inc. are not a subject of this appeal.
Appellant contends that the limitation of liability contained in the contract is not applicable as a matter of law to each of the claims asserted against American District Telegraph Company.
We find to the contrary and hold that the limitation of liability contained in the contract is applicable in the event of a malfunction or a spontaneous failure of the system.
Nicholas v. Miami Burglar Alarm Co., Inc., Fla.App. 1972, 266 So.2d 64, guides our decision. In Nicholas, plaintiff, a burglary victim, sought to recover damages from an installer and maintainer of a burglar alarm system and the lower court granted defendant's motion to dismiss based upon a provision almost identical to the one involved in the case at bar. On appeal, this court held that those counts of the complaint alleging breach of defendant's contractual obligation to keep the system in working order, breach of implied warranties of fitness, and negligent maintenance of the system failed to state a cause of action. The court did hold that it was error to dismiss the fourth count which alleged that defendant failed, after it was notified that the system was not working properly, to make an investigation and that such failure constituted gross, wanton, and willful negligence.
Turning to the case sub judice, we find that plaintiff's complaint sounds in contract, warranty and negligence. There was no count contained in the complaint similar to the fourth count of the victim's complaint in the Nicholas case. Thus it follows, the lower court was correct in finding that there was no genuine issue as to any material fact with respect to the limitation of liability provision contained in paragraph 15, and as a matter of law the maximum amount the plaintiff can recover against the defendant American District Telegraph Company in this cause is the total sum of $95.30.
Accordingly, the judgment appealed is hereby affirmed.
Affirmed.
NOTES
[1] "It is agreed by and between the parties hereto: that the Contractor is not an insurer; that the payments hereinbefore named are based solely on the value of the services provided for herein; that, from the nature of the services to be rendered, it is impracticable and extremely difficult to fix the actual damages, if any, which may proximately result from a failure on the part of the Contractor to perform any of its obligations hereunder; that, in case of the failure of the Contractor to perform any of its obligations hereunder, and a resulting loss to the Subscriber, the Contractor's liability hereunder shall be limited to and fixed at a sum equal to ten percent of the annual service charge, hereinabove provided for, but in no event amounting to less than the sum of fifty dollars, as liquidated damages, and not as a penalty, and this liability shall be exclusive."