281 So.2d 524 (1973)
George E. COOPER and Ruth I. Cooper, Appellants,
v.
IBI SECURITY SERVICE OF FLORIDA, INC., and Hartford Accident & Indemnity Company, Appellees.
No. 72-1463.
District Court of Appeal of Florida, Third District.
July 24, 1973.
Rehearing Denied September 11, 1973.
*525 Horton & Perse, Burton & Burton, Beckham & McAliley, Miami, for appellants.
Walton, Lantaff, Schroeder, Carson & Wahl, Fort Lauderdale, Lally, Miller & Hodges, Coral Gables, for appellees.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
CARROLL, Judge.
The plaintiffs below filed this appeal from an order entered on motion of the defendants, dismissing their second amended complaint with prejudice. The question presented is whether the trial court erred in holding such complaint failed to state a cause of action.
The action was brought by George F. Cooper to recover damages for his injuries, and by his wife for loss of consortium, against IBI Security Service of Florida, Inc. (herein referred to as IBI), and its indemnity insurer Hartford Accident Indemnity Company. The allegations of the second amended complaint, summarized, were that as an employee of Interstate Life Insurance Company it was the plaintiff's duty to make cash premium collections from insureds on routes throughout Dade County; that some of the routes were safe and others were known to be dangerous to "life, limb and property because of the known past record of the high incidents [sic] of criminal assaults within such areas", and were such as to require protective guard service for a collector on such routes; that IBI had contracted with the employer insurance company to furnish armed guard protection to such employees, including the plaintiff; that because of the foreseeability and high likelihood of criminal assaults upon such collection agents on the known dangerous routes it was the purpose of the contract between the employer insurance company and IBI that armed uniformed guards would be supplied to accompany such agents on the known dangerous routes to "ward off, discourage, prevent, stop or forestall the likely and foreseeable criminal assaults on debit collectors (including the Plaintiff) while on route in said known danger area"; that on the day in question the guard to be supplied by the defendant IBI, who was to meet the plaintiff at a designated place and accompany him on a certain dangerous route, did not do so and was not supplied, whereupon the plaintiff in performance of his duty proceeded on the route without such guard protection, in the course of which the plaintiff was "criminally assaulted, robbed, shot and critically wounded"; that the plaintiff was so injured as a proximate result of the negligence of IBI in failing to supply protection as contracted for with the insurance company. By a second count it was alleged that plaintiff's injuries were the proximate result of breach of contract by IBI in that respect.
Questions argued regarding the sufficiency of the complaint were whether the plaintiff employee was entitled to claim the benefit of his employer's protection contract *526 with IBI, and whether it appeared from the facts alleged, as a matter of law, that negligence or breach of contract on the part of IBI could not have constituted a proximate cause of the injury of the plaintiff.
Since the plaintiff was one of the persons for whose benefit the protection contract was made, he had standing thereunder as a third party beneficiary. See Gallichio v. Corporate Group Service, Inc., Fla.App. 1969, 227 So.2d 519, 521, and cases cited there. It was the purpose and object of the contract to obviate or protect the plaintiff from exactly that which occurred when he went unprotected, with foreseeability and likelihood thereof, and the basis therefor, sufficiently alleged to be known to exist. On the allegations of the amended complaint it could not be held that the facts disclosed showed absence of proximate cause as a matter of law. Florida East Coast R. Co. v. Booth, Fla.App. 1963, 148 So.2d 536; Homan v. County of Dade, Fla.App. 1971, 248 So.2d 235. In Homan the Court said: "Foreseeable acts of third persons are not superseding causes which insulate a prior tort feasor from liability as a matter of law, where such acts combine with the tort feasor's negligence to bring about harm to an innocent party; they are merely concurrent causes." The same principle as to proximate causation is applicable under the count on breach of contract, asserted by the plaintiff in the capacity of a third party beneficiary.[1] See also Sparks v. Ober, Fla.App. 1966, 192 So.2d 81. Distinguishable on the facts is Nicholas v. Miami Burglar Alarm Co., Fla.App. 1972, 266 So.2d 64, where the degree of foreseeability or likelihood of loss resulting from default was substantially inferior to that alleged to exist and to be known to exist in the instant case. In our view the second amended complaint stated a cause of action, and the defendants' motion to dismiss should have been denied.
The order appealed from is reversed.
NOTES
[1] Clearly the complaint stated a cause of action for breach of the contract to furnish the guard, aside from any question as to the amount of damages recoverable therefor. Where a complaint states facts upon which relief can be granted, it is not vulnerable to a motion to dismiss for insufficiency. Port Carlos Trailer Park, Inc. v. Warren Brothers Co., Fla.App. 1970, 240 So.2d 165, 166.