PEARSON, Judge.
This is the second appearance of this cause before this court. The plaintiff is appellant here as he was in the first appearance. See Nicholas v. Miami Burgler Alarm Co., Fla.App.1972, 266 So.2d 64. The first appeal was from a judgment sustaining appellee’s motion to dismiss all four counts of appellant’s complaint. We remanded the cause with the following directions :
“Therefore, based on the foregoing cases and authorities, we hold that the trial court correctly granted appellee’s motion to dismiss the first, second, and third counts of the complaint, but erroneously held as a matter of law that the damages claimed in the fourth count were insufficient to meet the jurisdiction of the circuit court.
“Affirmed in part, reversed in part, and remanded.”
The present appeal is from a final judgment for the defendant entered pursuant to a directed verdict upon the fourth count of the complaint. The motion for directed verdict was made and granted at the conclusion of plaintiff’s case. We affirm.
It is apparent that appellant proceeded in the trial court upon remand only on the theory that he should be entitled to recover for the burglary or a portion *50 thereof and have punitive damages in addition. Our prior opinion had held that as a matter of law that there could he no recovery for the damages sustained in the burglary. At the trial upon remand, the appellant offered no evidence of any other recoverable damages, therefore, the trial court correctly directed a verdict for the defendant. See McLain v. Pensacola Coach Corporation, 152 Fla. 876, 13 So.2d 221 (1943). In addition, our review of this record convinces us that appellant failed to establish gross negligence or wilful disregard of a duty by the defendant. Such action is necessary for the establishment of punitive damages. See Griffith v. Shamrock Village, Inc., Fla.1957, 94 So.2d 854.
Affirmed.