HAVERFIELD, Judge
(dissenting).
I am constrained to dissent.
The majority opinion in this case is based upon this court’s determination of appellant’s prior appeal in Nicholas v. Miami Burglar Alarm Company, Fla.App.1972, 266 So.2d 64, wherein the court adopted the principal of law that a burglar alarm company is not liable for a burglary even though its system fails to function properly. I do not quarrel with this principal of law, but rather I believe that it was applied incorrectly to the facts of the instant action. In the case sub judice, the wires to the alarm system were severed and thereupon, as the system was supposed to function, a trouble signal was transmitted to and received by the defendant company. These facts conclusively demonstrate that this cause of action does not involve a system malfunction or spontaneous failure and, therefore, the above principal of law is not pertinent.
The foundation of liability for negligence is knowledge. See 23 Fla.Jur. Negligence § 17 (1959). Further, if the intervening event was foreseeable by the original wrongdoer, then it does not supersede the original negligence. See 23 Fla.Jur. Negligence § 39 (1959). There is evidence contained in the record that upon the receipt of the trouble signal by an employee of the defendant company, the employee did not contact the plaintiff as the defendant-appellee assured him it would nor did he take any affirmative action other than to call the telephone company about the transmission failure.
Therefore, I would remand the cause of action for the jury to determine the issue of defendant-appellee’s liability, if any, arising out of the defendant company’s failure, after receipt of the trouble signal, to take any affirmative action which possibly could have prevented or interrupted the burglary which was foreseeable under the circumstances.
For in the final analysis, if as a matter of law the defendant burglar alarm company was under no duty to do anything in the instant case (which I believe is the real result of the majority opinion), then plaintiff-appellant is paying for protection which in reality he simply is not receiving.