339 So.2d 175 (1976)
J.K. NICHOLAS, Individually, and D/B/a J.K. Nicholas & Co., Petitioner,
v.
MIAMI BURGLAR ALARM CO., INC., Respondent.
No. 46058.
Supreme Court of Florida.
October 7, 1976.
Rehearing Denied December 9, 1976.
*176 Jonathan L. Alpert, Miami, for petitioner.
Robert C. Lane and Robert C. Lane, Jr., of Lane & Lane, Miami, for respondent.
Wayne W. Pomeroy, of Pomeroy & Betts, Fort Lauderdale, as amicus curiae.
Stephen D. Marks, Law Offices of Lessing E. Gold, Beverly Hills, Cal., for National Burglar and Fire Alarm Association, amicus curiae.
OVERTON, Chief Justice.
Upon rehearing we vacate the opinion rendered August 12, 1975.
This cause is before us on petition for writ of certiorari to review the decision of the Third District Court of Appeal reported at 297 So.2d 49. It conflicts with Cooper v. IBI Security Service of Florida, Inc., 281 So.2d 524 (Fla.3d DCA 1973), and we have jurisdiction.[1]
Respondent installed and maintained a burglary alarm system in petitioner's tobacco warehouse, which is located in a high crime rate area. An unauthorized entry into the warehouse would trigger an audible alarm and a silent one that would be transmitted over telephone lines to an answering service. Also, if for any reason there occurred a voltage drop across the lines, a "trouble signal" would be relayed to the answering service. A "trouble signal" might indicate just a problem with the telephone lines rather than a possible burglary. The answering service in turn would notify respondent of the signal it had received. Respondent allegedly assumed the duty to notify the police or petitioner upon notice of either an "alarm" or a "trouble signal," even though the contract between petitioner and respondent requires such action only upon notice of an "alarm."
Petitioner alleged that on July 30, 1970, respondent's employee received notice of a "trouble signal" when two of the alarm's telephone wires were cut by burglars. No "alarm" signal was received. In accordance with company policy, the employee notified the telephone company, but he did not call the police or petitioner as respondent allegedly said he would in an oral conversation with the petitioner. The burglars apparently worked uninterrupted, knocking a two-foot square hole in the concrete wall of the warehouse and passing through it over $15,000 worth of cigarettes.
Petitioner sued respondent for compensatory and punitive damages on four counts. The trial court dismissed all of them. The Third District Court of Appeal affirmed, holding that the dismissal of the three counts claiming compensatory damages was proper because there was no proximate cause. Each count was grounded in negligence despite being styled actions for breach of contract, breach of warranty, and negligence. The District Court identified the burglary as an intervening criminal act and applied the rule that such an act,
"... breaks the chain of causation, and therefore the original negligence of the defendant cannot be the proximate cause of the damage resulting from the intervening criminal act... . See Bryant v. Atlantic Car Rental, Inc., Fla.App. 1961, 127 So.2d 910; Lingefelt v. Hanner, Fla.App. 1960, 125 So.2d 325." Nicholas v. Miami Burglar Alarm Co., 266 So.2d 64, 66 (Fla.3d DCA 1972).
On the fourth count which included a demand for punitive damages based on allegations of wanton negligence, the Third District reversed and remanded. The District Court held this cause of action was not precluded by the intervening criminal act, and,
"Where the allegations of a complaint show the invasion of a legal right, the plaintiff may recover at least nominal damages, and a motion to dismiss by the defendant should be denied." Id. at 66.
On remand, petitioner attempted to obtain both compensatory and punitive damages. The trial court ruled that compensatory damages were not available and that punitive damages could be awarded only upon a showing of gross negligence. The *177 trial court then directed a verdict for respondent because its actions did not amount to gross negligence. Petitioner appealed and the Third District affirmed, reiterating that there could be no recovery of damages sustained in the burglary and holding that the gross negligence necessary to a claim of punitive damages had not been established. Nicholas v. Miami Burglar Alarm Co., Inc., 297 So.2d 49 (Fla.3d DCA 1974).
Judge Haverfield dissented stating:
"The majority opinion in this case is based upon this court's determination of appellant's prior appeal in Nicholas v. Miami Burglar Alarm Company, Fla.App. 1972, 266 So.2d 64, wherein the court adopted the principal [sic] of law that a burglar alarm company is not liable for a burglary even though its system fails to function properly. I do not quarrel with this principal [sic] of law, but rather I believe that it was applied incorrectly to the facts of the instant action. In the case sub judice, the wires to the alarm system were severed and thereupon, as the system was supposed to function, a trouble signal was transmitted to and received by the defendant company. There facts conclusively demonstrate that this cause of action does not involve a system malfunction or spontaneous failure and, therefore, the above principal [sic] of law is not pertinent." Id. at 50.
Judge Haverfield further reasoned that since the burglary was foreseeable, it was not an intervening cause of petitioner's losses which would bar recovery. He would have remanded to jury trial the action for compensatory damages.
We agree with Judge Haverfield. Florida recognizes the general rule that though a person's negligence is a cause in fact of another's loss, he will not be liable if an act unforeseeable to him and independent of his negligence intervenes to also cause the loss. See, e.g., Benedict Pineapple Co. v. Atlantic Coast Line R. Co., 55 Fla. 514, 46 So. 732 (1908). From this rule some have concluded that a burglar alarm company is not liable for a burglary if its equipment malfunctions, for normally the occurrence of the theft at that moment would be both unforeseeable and independent of the breakdown. This derivative rule has no place in determining liability in the instant case.
In Cooper v. IBI Security Service of Florida, Inc., supra, a life insurance premium collector was shot when an armed guard failed to accompany him into a dangerous area as provided for in a contract between the collector's employer and a security service. The trial court dismissed with prejudice the collector's complaint for damages. In the trial court's view, the defendant's negligence or breach of contract could not have been the proximate cause of plaintiff's injury. In this decision, the Third District Court of Appeal held that the attack on the collector was sufficiently foreseeable to disqualify it as a superseding cause, and "the defendants' motion to dismiss should have been denied." Id. at 526. The Third District distinguished its first Nicholas decision on the facts, saying that the degree of foreseeability of loss in that case was small.
We agree with the principle expressed in Cooper. In our opinion the foreseeability in the instant case was sufficient to withstand a motion to dismiss for lack of proximate cause. We hold a burglar alarm company under contract to monitor an alarm system may be negligent for failure to inform the police or the warehouse owner of a trouble signal which its employees had received. In the instant case there was no system malfunction or spontaneous failure. The monitoring employees followed company policy and directions in handling this telephone circuit disruption trouble signal in only notifying the telephone company. Whether the company was negligent in the policy it prescribed to handle the trouble signal is a jury issue.
On the issue of punitive damages, we hold that the District Court correctly affirmed the directed verdict for respondents. The allegations do not establish an intentional wrong that amount to an independent tort, nor do they establish the entire want of care or attention to duty that would allow a jury to impute malice to the *178 burglar alarm company. Petitioner contends, however, that Griffith v. Shamrock Village, 94 So.2d 854 (Fla. 1957), requires reversal. We disagree. In that instance, the employee wilfully failed to carry out his assigned duties.
Punitive damages are not recoverable for breach of contract, irrespective of the motive of defendant except where the acts constituting a breach of contract also amount to a cause of action in tort, in which event there may be a recovery of punitive damages upon proper allegations and proof. In order to permit a recovery, however, the breach must be attended by some intentional wrong, insult, abuse, or gross negligence the extent of which amounts to an independent tort. American International Land Corporation v. Hanna, 323 So.2d 567 (Fla. 1975); Griffith v. Shamrock Village, supra.
The decision of the District Court is approved in part and disapproved in part. The cause is remanded for further proceedings consistent with this opinion.
It is so ordered.
ROBERTS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, J., dissents in part and concurs in part with an opinion.
ADKINS, Justice (dissenting in part and concurring in part).
This is an action wherein petitioner, hereinafter referred to as plaintiff, seeks to recover a loss from a burglary resulting from the alleged failure of the respondent, hereinafter referred to as defendant, to take affirmative action after receiving a trouble signal from the plaintiff's tobacco warehouse. Such failure is alleged to have permitted a burglar to escape with merchandise valued at $15,000. Additionally, plaintiff seeks punitive damages.
The trial court dismissed all four counts of the complaint. The District Court affirmed the dismissal of the first three counts which alleged the loss was due to the failure of the burglar alarm system to perform properly, but reversed as to the dismissal of the fourth count, wherein plaintiff sought to recover the loss from the burglary on the ground that defendant failed to take affirmative action after receiving a trouble signal.
Upon remand, the trial court informed the plaintiff that compensatory damages, i.e., the losses from the burglary, were not recoverable and that recovery was limited to punitive damages requiring a showing of gross, wanton and willful negligence. The trial court directed a verdict for the defendant on the ground that defendant's action did not amount to gross, wanton or willful negligence. The District Court affirmed, holding that there can be no recovery for damages sustained in a burglary and that punitive damages could not be awarded since gross negligence or willful disregard of a duty had not been established. Judge Haverfield, in his dissent, did not quarrel with the principle of law announced in the first appeal, to-wit: that a burglar alarm company whose system fails to function is not liable for the loss from a burglary, but concluded that the said principle was inapplicable to the facts of the case in the second appeal since there was evidence in the record that the system functioned properly. Since the receipt of a trouble signal makes the burglary foreseeable, and since a foreseeable intervening criminal act does not supersede the original negligence, Judge Haverfield felt that the cause should be remanded for a jury trial.
Since the trial court entered a directed verdict for the defendant, the District Court was required to view the evidence in the light most favorable to the plaintiff. Viewing the evidence in this manner, the following facts were established: On July 30, 1970, defendant received a trouble signal in its central station. Defendant failed to notify the police or the owner, both of whom the defendant promised would be contacted immediately upon receipt of any trouble signal. Had the police been notified they would have arrived at the tobacco warehouse in approximately a minute and a half; that over 8,888 cardboard cartons of *179 cigarettes were removed by the burglars through a two foot by two foot hole made in the concrete wall of the plaintiff's warehouse; and that the burglary could not have been completed within an hour and a half.
The plaintiff argues that the cause should have been submitted to the jury for its determination as to whether the defendant's breach of contract was the proximate cause of the plaintiff's loss. The defendant contends that it cannot be liable as a matter of law for the burglary loss since the loss was the result of an intervening criminal act. The defendant maintains that since it cannot be liable as a matter of law, the District Court did not err in upholding the trial court's entry of a directed verdict.
A person's negligence is not the proximate cause of a loss that results from the intervention of a new and independent cause that is not reasonably foreseeable. Benedict Pineapple Co. v. Atlantic Coast Line Railroad Co., 55 Fla. 514, 46 So. 732 (Fla. 1908). Since a person usually has no reason to foresee the criminal acts of another, it has been generally held that an intervening criminal act breaks the chain of causation, and therefore the original negligence of the defendant cannot be the proximate cause of the damage resulting from the intervening criminal act. Bryant v. Atlantic Car Rental, Inc., 127 So.2d 910 (Fla.2d DCA, 1961); Lingefelt v. Hanner, 125 So.2d 325 (Fla.3d DCA 1960). However, when the intervening criminal act, or the loss therefrom, is foreseeable, then the original actor's negligence may be considered the proximate cause of the loss, and he may be liable, notwithstanding the intervening criminal act. Cooper v. I.B.I. Security Service of Florida, Inc., 281 So.2d 524 (Fla.3d DCA 1973).
In those cases dealing with the liability of a burglar alarm company whose system fails to function, it has consistently been held that the burglar alarm company is not liable for the loss, upon the theory that the burglary was an unforeseeable intervening criminal act breaking the chain of causation. Nirdlinger v. American Dist. Tel. Co., 245 Pa. 453, 91 A. 883, Ann.Cas. 1915D 1184 (1914); Silverblatt v. Brooklyn Tel. & Messenger Co., 150 App.Div. 268, 134 N.Y.S. 765 (1912); Vastola v. Connecticut Protective System, 133 Conn. 18, 47 A.2d 844, 165 A.L.R. 1251 (1946). Such was the holding of the District Court in the first appearance before it of this cause.
Defendant contends the District Court held in the first appeal that a burglar alarm company could never be liable for a burglary loss, and that plaintiff's failure to seek review of that decision forecloses his right to attack it collaterally in a later appeal. Since the District Court's first decision held that a burglar alarm company whose system fails to function is not liable for a loss from a burglary, and since that principle was inapplicable to the facts as presented before the trial court, and the District Court in the second appeal, we should reject defendant's argument that plaintiff is collaterally attacking the earlier decision from which no review was sought. Of course, no review was available unless the decision conflicted with a prior decision of this Court or a District Court of Appeal.
Where evidence was introduced to show that the loss was caused by the negligent manner in which the burglar alarm company responded to a trouble signal, it has consistently been held that the issue of proximate cause was for the jury. Melodee Lane Lingerie Co. v. American Dist. Tel. Co., 18 N.Y.2d 57, 271 N.Y.S.2d 937, 218 N.E.2d 661 (1966); Better Foods Mkts., Inc., v. American Dist. Tel. Co., 40 Cal.2d 179, 253 P.2d 10 (1953); Missouri Dist. Tel. Co. v. Morris & Co., 243 F. 481 (8th Cir.1917), cert. den. 245 U.S. 651, 38 S.Ct. 11, 62 L.Ed. 531. The reason being that a burglary, and the loss therefrom, is foreseeable following the receipt of a trouble signal by a burglar alarm company. In Better Foods Mkts., Inc. v. American Dist. Tel. Co., supra, involving facts similar to the case at bar, the Supreme Court of California held:
"Under the circumstances of this case it would have been reasonable to conclude that the defendant had a duty to call the police as well as its own guards to the *180 plaintiff's premises. Promptness being the essence of the defendant's obligation, its delay in acting would reasonably be found to be an omission to render the agreed service and a failure of performance of the contract.
"There is evidence upon which it could have been found that the loss was the proximate result of the defendant's delay in responding to the alarms... . [t]here is reason to believe that the agreement between the parties was entered into with the intention of providing for the apprehension of such a person before he left the premises. The time and distance factors indicate that this particular burglar may have been caught had the police and guards been called to the premises a few minutes earlier, and that the delay of nine minutes after the safe had been opened permitted the escape. Such probabilities are to be weighed in the light of common experience in such matters and present a triable issue of fact. There was substantial evidence from which a jury could have found that the plaintiff's loss was the proximate result of the defendant's breach of its contract. Therefore it was error for the trial court to order judgment for the defendant on its motion for a directed verdict."
I agree and would hold that evidence as to the probable time needed for the burglars to complete their act, the police response time, and the amount of the loss are admissible to aid in the jury's determination whether the defendant's breach of contract was the proximate cause of the plaintiff's loss.
In Cooper v. I.B.I. Security Service of Florida, Inc., supra, a protective agency failed to comply with its contract to provide armed guard protection for a person known to be collecting cash premiums for an insurance company in a high crime area. Just as it was held that the agency can be liable for the injuries sustained by that person when attacked by criminals, I believe that a burglar alarm company, which fails to comply with its contract to call the police and the subscriber immediately upon receipt of a trouble signal from a high risk tobacco warehouse in a burglary prone area, can be liable for the loss from a burglary.
The next issue is whether the District Court erred in holding that the plaintiff failed to establish a proper predicate for the award of punitive damages. The plaintiff contends that the refusal of the defendant to take any action which could prevent the burglary loss after receiving a trouble signal from a high risk tobacco warehouse in a burglary prone area evinces an entire want of care amounting to gross, wanton and willful negligence for which the jury could impute wantonness and malice to the defendant and assess punitive damages against the defendant. I agree.
As a general rule, punitive damages are not recoverable for breach of contract. However, punitive damages are recoverable when the breach amounts to a cause of action in tort based upon an intentional wrong, insult, abuse or gross neglect of duty evincing an entire want of care or a want of slight care by defendant to the duty it assumed toward the plaintiff. Griffith v. Shamrock Village, 94 So.2d 854 (Fla. 1957). Malice, moral turpitude or wantonness must be associated with the tort; however, they may be imputed to the defendant because of the nature of his act.
Griffith v. Shamrock Village is the landmark case on the award of punitive damages for breach of contract. Therein a clerk of the defendant landlord received a telephone call from the brother of the plaintiff-tenant, asking to speak to the plaintiff. The clerk responded that the plaintiff had checked out and left no forwarding address. All the clerk had to do was turn his head to examine a revolving file placed nearby for the registration cards bearing the names of tenants residing there, and he would have found that the plaintiff was a resident. As a consequence of the action of the clerk, plaintiff was never informed of, and therefore missed, the wedding of his brother. The Court held that there was evidence on *181 which the jury could have found that there was an entire want of care by the defendant to the duty it had assumed toward the plaintiff, for which the jury could impute malice to the defendant and assess punitive damages against it. Since all the agent of the defendant had to do in the case at bar, upon receiving the trouble signal from the high risk tobacco warehouse in the burglary prone area, was to turn his head and call J.K. Nicholas, whose number he had available, or the police, it is apparent that the District Court reached a conclusion conflicting with that in Griffith v. Shamrock Village, when it held that the evidence was insufficient to support a verdict of punitive damages. I would adhere to the holding in Griffith:
"There was evidence on which the jury could have found that there was an entire want of care or a want of slight care or attention by defendant to the duty it had assumed toward plaintiff. From this the jury could have imputed malice to the defendant. The evidence could have supported a verdict of punitive damages."
Accordingly, the court should have submitted the issue of punitive damages to the jury. Whether or not the elements are present to warrant punitive damages is for the jury to determine in light of all the evidence.
The decision of the District Court should be quashed.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.