348 So.2d 370 (1977)
Edward R. SINGER and Paula Z. Singer, His Wife, Appellants,
v.
I. A. DURBIN, INC., and Alarm Systems of Florida, Inc., Appellees.
No. 76-468.
District Court of Appeal of Florida, Third District.
July 19, 1977.
*371 Paige & Catlin, Miami, for appellants.
Rentz, McClellan & Haggard, Miami, Fleet & Packer, Hollywood, Preddy, Haddad, Kutner, Hardy & Josephs, Miami, for appellees.
Before BARKDULL, NATHAN and HUBBART, JJ.
NATHAN, Judge.
Plaintiffs appeal from an order dismissing with prejudice their amended complaint, in an action stemming from alleged incomplete installation of a burglar alarm system which plaintiffs contend resulted in the burglary of their home.
Plaintiffs Edward and Paula Singer filed a complaint sounding in breach of contract, breach of warranty, negligence and gross negligence, seeking compensatory and punitive damages against I.A. Durbin, Inc., and Alarm Systems of Florida, Inc., alleging that on February 1, 1973, the Singers contracted with Durbin for the purchase of a home, which was to include a burglar alarm system; that upon information and belief, the burglar alarm system was installed by Alarm Systems of Florida, Inc.; that after closing on the purchase contract, the Singers contracted with Alarm Systems for monthly service of the alarm system; that on August 17, 1975, when the plaintiffs were not at home and the alarm was on, the home was burglarized through windows which were never wired into the burglar alarm system, and property valued in excess of $20,000 was taken.
Upon dismissal of their complaint by the trial court, plaintiffs took this appeal. For reversal, they rely solely on Nicholas v. Miami Burglar Alarm Co., 339 So.2d 175 (Fla. 1976). The facts in Nicholas are distinguishable from those in the instant case in that this case concerns the failure to provide a complete burglar alarm system, leaving certain windows not connected to the system; whereas in Nicholas, there was no question that the system was installed or operating properly but the defendant's agent failed to notify plaintiff or the police when a trouble signal was received. The Florida Supreme Court held that as a burglary was foreseeable under those circumstances, the burglary was not an intervening cause of plaintiff's losses which would bar recovery. We can liken the instant case to Nicholas in the respect that neither concerns a malfunction of equipment. In *372 Nicholas, page 177, the Court, agreeing with Judge Haverfield's dissent in Nicholas v. Miami Burglar Alarm Co., 297 So.2d 49 (Fla.3d DCA 1974), stated:
"Florida recognizes the general rule that though a person's negligence is a cause in fact of another's loss, he will not be liable if an act unforeseeable to him and independent of his negligence intervenes to also cause the loss. See, e.g., Benedict Pineapple Co. v. Atlantic Coast Line R. Co., 55 Fla. 514, 46 So. 732 (1908). From this rule some have concluded that a burglar alarm company is not liable for a burglary if its equipment malfunctions, for normally the occurrence of the theft at that moment would be both unforeseeable and independent of the breakdown. This derivative rule has no place in determining liability in the instant case."
Neither is it applicable in the determination of liability in the case now before us.
A negligent act is not the proximate cause of a loss that results from the intervention of a new and independent cause that is not reasonably foreseeable. Benedict Pineapple Co. v. Atlantic Coast Line Railroad Co., 55 Fla. 514, 46 So. 732 (1908). Since a person usually has no reason to foresee the criminal acts of another, it is generally held that an intervening criminal act breaks the chain of causation, and therefore, the original negligence of the defendant cannot be the proximate cause of the damage resulting from the intervening criminal act. Bryant v. Atlantic Car Rental, Inc., 127 So.2d 910 (Fla.2d DCA 1961); Lingefelt v. Hanner, 125 So.2d 325 (Fla.3d DCA 1960). However, when the intervening criminal act, or the loss therefrom, is foreseeable, then the original actor's negligence may be considered the proximate cause of the loss, and he may be liable, notwithstanding the intervening criminal act. Cooper v. I.B.I. Security Service of Florida, Inc., 281 So.2d 524 (Fla.3d DCA 1973).
Cases concerning the liability of a burglar alarm company whose system fails to function have consistently held that a burglar alarm company is not liable for the loss, upon the theory that the burglary was an unforeseeable intervening criminal act breaking the chain of causation. Nicholas v. Miami Burglar Alarm Co., 339 So.2d at page 179, Justice Adkins concurring in part and dissenting in part.
Unfortunately, this country is faced with a crime rate which has increased to frightening proportions in recent years. The statistics provided in the Annual Report of the Florida Department of Criminal Law Enforcement show the number of incidents of breaking and entering and burglaries in the State of Florida in the years material to this case. For example, in 1973, there were 142,625 breaking and enterings or burglaries; in 1974, there were 185,043; in 1975, there were 196,446; in 1976 there were 164,413; and in the first three months of 1977, there were 39,799, which indicates an approximate yearly total of 160,000. These alarming figures demonstrate the necessity and the justification for Florida residents to seek to protect their homes against such crimes with a burglar alarm system. Thus, those who contract to have a burglar alarm system installed in a home or building are entitled to the benefit of their bargain, that is, a properly installed system which provides reasonable protection of the premises, and not just selected windows or doors, unless otherwise contracted for.
We hold, therefore, that just as a burglary is foreseeable where the alarm company's agent fails to notify the police when a trouble signal is received, a burglary is also foreseeable where the alarm company is guilty of an omission in not wiring all of the windows of a home, as contracted for, in order to connect them to the alarm system.
In our opinion, the facts alleging negligence in the complaint in this case were sufficient to withstand a motion to dismiss. Thus, we also hold that a burglar alarm company under contract to install an alarm system may be responsible for breach of contract and breach of warranty for failure to install the system pursuant to the terms of the contract.
*373 The determination of whether the defendants, or either of them may be liable in negligence, breach of warranty or breach of contract are questions for the trier of fact. We note that if liability is found as to Durbin, the damages, if any, to which plaintiffs would be entitled would be limited to the cost of making the alarm system conform to the installation contract, and not the value of the stolen property.
On the issue of punitive damages, we hold that the trial court was correct in dismissing that portion of the complaint. The allegations do not establish an intentional wrong that amounts to an independent tort, nor do they establish the entire want of care or attention to duty that would allow the trier of fact to impute malice to the burglar alarm company.
Accordingly, the order of dismissal is affirmed as to the claim for punitive damages arising out of gross negligence, and reversed in all other respects and remanded for further proceedings.
Affirmed in part, reversed in part and remanded.