362 So.2d 966 (1978)
BARRETT, DAFFIN & FIGG, ARCHITECTS-PLANNERS-ENGINEERS, INC., and Charles H. Carlan, Appellants,
v.
Dwight E. McCORMICK et al., Appellees.
No. GG-163.
District Court of Appeal of Florida, First District.
August 25, 1978.
Rehearing Denied October 24, 1978.
Robert P. Gaines of Beggs & Lane, Pensacola, for appellants.
Joe J. Harrell of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellees.
PER CURIAM.
This is an appeal by two of several defendants from a final judgment in an action at law tried before the court without a jury.
Appellant Carlan is a registered professional civil engineer employed by Barrett, Daffin & Figg, Architects-Planners-Engineers, Inc. L.J. Groves, III, was a principal in D-J Builders and a friend of Carlan. Dwight E. McCormick and others as trustees of McCormick Mortgage Investors of Florida purchased four loans from Commonwealth Corporation in the spring of 1974. Among those loans was one made to D-J Builders for the construction of an office building. At the time of the purchase of the loan a disbursement had already been made by Commonwealth Corporation. McCormick reimbursed Commonwealth for that disbursement. In due course Commonwealth Corporation filed a petition for reorganization in bankruptcy. Prior to the filing of that petition several other disbursements were made by Commonwealth, each of which was reimbursed by McCormick. After the filing of the petition for reorganization McCormick made disbursements directly to D-J Builders. McCormick testified that for each disbursement, both before and after the petition in bankruptcy, McCormick was furnished a certificate that appeared to carry the signature of Carlan as well as the signature of Groves. Prior to the petition in bankruptcy, the certificates had also borne the signature of one who appeared to be an inspector employed by Commonwealth. The certificates were admitted into evidence as McCormick's exhibits subject to the understanding that there was no concession on the part of Carlan nor Barrett, Daffin & Figg as to the authenticity of the signatures. McCormick testified that his company relied on the certificates in making payments. Carlan denied that he issued any *967 certificates for this particular project, but did admit that he was a graduate civil engineer employed by Barrett, Daffin & Figg and that he had delivered certificates signed in blank to D-J Builders. He further admitted that Groves was the principal in D-J Builders. In response to a question as to whether he knew that the certificates which he signed in blank would be used by Groves for possibly obtaining funds and that the company would rely on the certificates before disbursing funds, Carlan answered: "On the engineering projects, yes, sir". Except for one certificate, which Carlan designated a forgery, he did not deny that the subject certificates bore his signature with the designation "P.E." following it. Carlan admitted, and the evidence revealed, that Barrett, Daffin & Figg had performed some services in connection with the subject project but those services related only to surveying. Groves testified that Carlan had signed some certificates in blank and had left them with his company. He could not remember whether or not Carlan was to do the inspection work. Upon it being discovered that the office building was not being completed in accordance with the draw requests and inspection certificates foreclosure proceedings were instituted. McCormick was the high bidder at the foreclosure sale. During the nonjury trial giving rise to this appeal McCormick testified that the trust sustained a loss of $75,630.31. Judgment was entered against D-J Builders and Groves for that amount and against Carlan and Barrett, Daffin & Figg for $49,080.31, which figure represents the total damages less the disbursement made on the certificate which Carlan testified was a forgery.
Carlan and Barrett, Daffin & Figg appeal, urging lack of privity and foreseeability.
The trial judge apparently found, and the evidence clearly reveals, that when Carlan, the original wrongdoer, and employee of Barrett, Daffin & Figg, delivered in blank executed certificates of inspection to Groves, the principal of D-J Builders, he knew or should have known that the same would be used for evidence of the scope of work completed upon which a lender, viz: McCormick, would rely in making payment.
That appellants' points on appeal are without merit is demonstrated by Banfield v. Addington, 104 Fla. 661, 140 So. 893 (1932); A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973); Nicholas v. Miami Burglar Alarm Co., Inc., 339 So.2d 175 (Fla. 1976) and Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977).
AFFIRMED.
McCORD, C.J., BOYER, J., and MASON, ERNEST E., Associate Judge, concur.